UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIUS R. WILLIAMS,

     Petitioner,

v.                              CASE NO. 8:16-cv-1444-T-23TGW

DAVID GEE ADMINISTRATION,

     Respondent.

_____/

**O R D E R**

     Williams petitions for the writ of habeas corpus under 28 U.S.C. § 2241

(Doc. 1) and challenges the validity of his pre-trial detention in the Hillsborough

County jail.  Williams requests "an order to show cause to the respondent(s),

directing them to show true cause to why the petitioner is being deprived of his

constitutional rights and liberty [and] if the respondent(s) fails to show cause . . . then

[he] seek[s] that this honorable court issue an order to release the petitioner into the

U.S. Marshal custody[,] dismiss . . . all charges," and order his immediate release.

(Doc. 1 at 9)  Williams alleges (1) that his warrantless arrest was without probable

cause, (2) that the state court is both denying him access to the court and denying his

right to represent himself after the court earlier granted his motion to proceed *pro se*,

and (3) that neither the prosecutor nor the state court have explained why he "was

unlawfully arrested and illegally detained."  (Doc. 1 at 5)  According to the online

docket for the Circuit Court for Hillsborough County, Florida, Williams is detained

pending trial for charges of capital murder in the first degree, robbery, and grand theft

of a motor vehicle.[1]  This action is Williams's fourth attempt to challenge the validity

of his pre-trial detention.

In *Williams v. State of Florida*, 8:14-cv-2151-T-27AEP, Williams both attempted

to remove the state criminal proceeding to federal court and moved for a writ of

habeas corpus under Section 2241.  The action was dismissed because removal was

improper and the Section 2241 application was "nothing more than unsupported

conclusory allegations of constitutional violations."  (Doc. 6 at 2 in 14-cv-2151).

In *Williams v. State of Florida*, 8:15-cv-449-T-33TBM, Williams asked the

district court to dismiss his state criminal charges both because the state lacked

sufficient evidence and because the state had violated his constitutional rights.  The

action was dismissed based on the abstention doctrine.  *Younger v. Harris*, 401 U.S.

37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin

pending proceedings in state courts is not to issue such injunctions.").

In *Williams v. David Gee*, 8:15-cv-712-T-23AEP, Williams attempted to sue the

state court judges, prosecutors, and law enforcement officers in a civil rights action

under 42 U.S.C. § 1983.  The action was dismissed because judges and prosecutors

have absolute immunity and because *Younger* precludes federal intervention.

---

[1]  The online docket shows that the state court both vacated the earlier order that permitted
self-representation and appointed the public defender to represent Williams. The online docket is
located at http://pubrec10.hillsclerk.com/Unsecured/CaseDetail.aspx?CaseID=3938877.

In his present action Williams asserts substantially the same claims that he asserted in the three earlier actions.  In the circumstances that Williams alleges, *Younger* precludes federal intervention into the state criminal proceedings.  *Lawrence v. Miami-Dade State Attorney*, 272 Fed. App'x 781, 781–82 (11th Cir. 2008)[2] ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances.").

Williams is cautioned that, when necessary, a court may exercise the inherent judicial authority to sanction an abusive litigant.  *See, e.g., Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Sindram*, 498 U.S. 177 (1991); *In re McDonald*, 489 U.S. 180 (1989). *See also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993) ("[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").  Abuse includes the repetitious filing of a frivolous action because "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *In re McDonald,* 489 U.S. at 184.  A party must receive notice and an opportunity to respond before a sanction is imposed, as *In re Mroz*, 65 F.3d 1567, 1575–76 (1995), explains:

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> Invocation of a court's inherent power requires a finding of bad faith. *Chambers*, 501 U.S. at 49, 111 S. Ct. at 2135, 115 L. Ed. 2d at 48. The court must afford the sanctioned party due process, both in determining that the requisite bad faith exists and in assessing fees. *Id.* Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir. 1987) (discussing Rule 11 sanctions). Notice can come from the party seeking sanctions, from the court, or from both. *Id.* at 1560. In addition, the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions.

Williams must cease his persistent attempt to involve a federal court in a pending state criminal action.  If he commences another action that challenges the validity of his pre-trial detention, Williams's persistence might result in a sanction, which might include an injunction against Williams's filing of a future action.  An injunction is appropriate if needed to "defend the judicial system from abuse" and "to protect against abusive and vexatious litigation."  *Martin-Trigona*, 986 F.2d at 1386.

Accordingly, Williams's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Williams and close this case.

ORDERED in Tampa, Florida, on June 22, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE